UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

LEXINGTON INSURANCE COMPANY                         NO. 6:20-CV-669

VERSUS                                              SECTION:

JASON L. CORMIER, M.D. AND                          DIVISION:
JASON L. CORMIER, M.D., APMC

**COMPLAINT FOR DECLARATORY JUDGMENT, RESCISSION OF INSURANCE POLICY AND FOR RECOUPMENT OF DEFENSE COSTS AND FEES**

The complaint of Lexington Insurance Company ("Lexington"), an insurer incorporated in the State of Delaware with its principal place of business in the State of Massachusetts, respectfully represents that:

1.

Made defendants herein are Jason L. Cormier, M.D. and Jason L. Cormier, M.D., APMC (collectively "Dr. Cormier"), citizens of the State of Louisiana and residents of the Parish of Lafayette in this District. The Court has original diversity jurisdiction pursuant to 28 USC §1332(a)(2) based on diversity of the parties and the amount in controversy.

2.

The amount in controversy in this matter exceeds $75,000.

3.

The insurance contract between Lexington and Dr. Cormier that is the subject of this declaratory judgment action was issued in this District. Further, the alleged acts and omissions on the part of Dr. Cormier and/or his corporation that precipitated the basis for this declaratory judgment action took place in this District. Therefore, venue is proper in this District pursuant to 28 USC §1391.

4.

On July 19, 2018, Dr. Cormier (under his own name as "physician's name" and under the name "Jason L. Cormier MD APMC" as the "practice entity name") signed an "Application for Physicians' and Surgeons' Professional Liability Insurance" as part of Lexington's "Louisiana Premier Physicians Program," to be effective August 1, 2018.

5.

The application asked Dr. Cormier, "Have you or any entity to be insured EVER had a claim/suit go beyond Medical Review Panel Proceeding?" Dr. Cormier answered NO.

6.

The application asked Dr. Cormier, "Do you or any entity to be insured CURRENTLY have a Medical Review Panel Proceeding pending or have knowledge of a pending complaint?" Dr. Cormier answered NO.

7.

The application asked Dr. Cormier, "Has any petition, claim, or suit for alleged malpractice ever been brought against you?" Dr. Cormier answered NO.

8.

Dr. Cormier signed the application on July 19, 2018.

9.

In signing the application, Dr. Cormier attested that "I hereby declare that all statements and answers herein and provided for consideration of insurance are full, complete, and true to the best of my knowledge and belief and that no material circumstance or information concerning the subject matter of the questions asked has been withheld or omitted…. I understand that the statements and information provided will be relied upon by insurer, reinsurers and representatives

and are material in determining not only whether insurance coverage will be issued or renewed, but also to determine correct classification and premium calculations."

10.

The application warned that, "Louisiana Revised Statute 40:1424, provides, in part, the following: 'B. Any person who knowingly presents a false or fraudulent claim for payment of a loss or benefit or knowingly presents false information in an application for insurance is guilty of a crime and may be subject to fines and confinement in prison.'"

11.

Thereafter, based on and relying on the truthfulness of Dr. Cormier's signed application, Lexington issued policy number 11-4496-37 providing coverage to Dr. Cormier and his corporation beginning on August 1, 2018, with a PCF retroactive date of August 1, 2010. That policy was subsequently renewed effective June 1, 2019.

12.

Lexington justifiably relied on the foregoing representations in determining whether to issue the Lexington Policy to Dr. Cormier and his corporation under the terms provided and in determining the appropriate premium to be charged.

13.

At the time Dr. Cormier signed the application on July 19, 2018, he had in fact been named as a defendant in a number of Medical Review Panel claims as well as civil actions for alleged malpractice.

14.

Dr. Cormier's answering "NO" to each of the questions on his application cited above was false, was a material misrepresentation, and was made with the intent to deceive.

15.

If Dr. Cormier had answered those questions on the application truthfully, Lexington would not have issued its policy to him.

16.

Since the date of issuance of the policy, Dr. Cormier has been named as a defendant in at least four Medical Review Panel Proceedings which Lexington has referred to defense counsel for the purpose of defending him and/or his corporation, pursuant to the terms of the policy, and for which Lexington has been forced to expend fees and costs to its defense counsel.

17.

In the claims-made policy issued to Dr. Cormier, it is specifically provided that Lexington may cancel the policy because of "fraud or misrepresentation. We can cancel if it is discovered that in obtaining this policy or presenting a claim under this policy, an insured has committed fraud or made material misrepresentations with the intent to deceive."

18.

Dr. Cormier made material misrepresentations and/or omissions of fact when applying for coverage under the Lexington policy, rendering the policy void *ab initio* and subject to rescission. Lexington seeks a declaration of its entitlement to same.

19.

Lexington seeks a declaration that it has no duty to defend or indemnify Dr. Cormier and/or his corporation in the four existing Medical Review Panel Proceedings filed since the policy's inception, and in any other claims or civil actions that may hereafter be filed under the provisions of the claims made policy.

20.

Lexington seeks a declaration that it is entitled to reimbursement by Dr. Cormier and/or his corporation of all fees, costs and expenses it has expended in his defense and that of his corporation.

WHEREFORE, plaintiff Lexington Insurance Company prays for the following relief:

(a) For a declaration that Lexington is not obligated to provide Dr. Cormier and his corporation with coverage for any indemnity, fees, costs, or expenses incurred in connection with the four Medical Review Panel Proceedings filed against Dr. Cormier and/or his corporation since the issuance of Lexington's policy, and in any other claims or civil actions that may hereafter be filed under the provisions of the claims-made policy.

(b) For a declaration that the Lexington policy is rescinded and void *ab initio* and permitting Lexington to return to Dr. Cormier and/or his corporation the premium paid in connection with the Lexington policy.

(c) For a judgment ordering Dr. Cormier and/or his corporation to reimburse Lexington for all indemnity, defense costs, attorney's fees, or related costs or expenses incurred by Lexington on behalf of Dr. Cormier and/or his corporation, including, but not limited to, the defense costs paid by it in defending the four Medical Review Panel Proceedings filed during the term of the Lexington policy.

(d) For an award of Lexington's attorney's fees and costs in connection with this action, pursuant to law. And

(e) For such other relief as is just and equitable herein.

*/s/ L. David Adams*
C. WM. BRADLEY JR. (03371)
L. DAVID ADAMS (37008)
Bradley Murchison Kelly & Shea LLC
1100 Poydras Street, Suite 2700
Energy Centre
New Orleans, LA 70163
Telephone: (504) 596-6300
Facsimile: (504) 596-6301
bbradley@bradleyfirm.com
dadams@bradleyfirm.com

*Attorneys for Plaintiff,*
*Lexington Insurance Company*