UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

LEXINGTON INSURANCE COMPANY     NO. 6:20-CV-669

VERSUS     SECTION: MJJ

JASON L. CORMIER, M.D. AND     DIVISION: CBW
JASON L. CORMIER, M.D., APMC

## ANSWER AND AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

Plaintiff/defendant-in-counterclaim Lexington Insurance Company ("Lexington"), through undersigned counsel, asserts the following answer and affirmative defenses in response to the Counterclaims[1] asserted by defendants/plaintiffs-in-counterclaim Jason L. Cormier, M.D. and Jason L. Cormier, M.D., APMC (hereinafter, collectively, "Cormier"), denying each and every allegation asserted by Cormier except as otherwise expressly admitted herein and further re-averring and incorporating all allegations of the Complaint[2] by reference as if stated herein *in extenso*.

1.

Lexington admits that it is an insurer incorporated in the State of Delaware with its principal place of business in the State of Massachusetts.

2.

On information and belief, Lexington admits the allegations of ¶ 2 of Cormier's Counterclaim.

3.

On information and belief, Lexington admits the allegations of ¶ 3 of Cormier's Counterclaim, while expressly denying any liability to Cormier for damages in any amount.

---

[1] R. Doc. 8, pp. 6-18.
[2] R. Doc. 1

4.

On information and belief, Lexington admits that the insurance contract between Lexington and Cormier that is the subject of this action was issued in this District and the acts and omissions on the part of Cormier giving rise to this action took place in this District. However, Lexington denies any and all acts, omissions, or fault allegedly giving rise to Cormier's Counterclaim.

5.

Lexington admits that it issued a claims-made policy of liability insurance to Cormier as part of the "Louisiana Premier Physicians Program," Policy No. 11-4496-37 ("the Policy"), based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington. Lexington denies the remaining allegations of ¶ 5 of Cormier's Counterclaim.

6.

Lexington denies ¶ 6 of Cormier's Counterclaim as written insofar as the complete Policy itself speaks for itself and is the best evidence of its contents, and Cormier's allegations fail to include certain relevant portions, including but not limited to Part VI, Section H.2.b. of the Policy, which provides:

> b. Fraud or misrepresentation. We can cancel if it is discovered that in obtaining this policy, or presenting a claim under this policy, an Insured has committed fraud or made a material misrepresentation with intent to deceive.

Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on

behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington.

7.

Lexington denies ¶ 7 of Cormier's Counterclaim as the Letter itself is not attached to or made part of the Counterclaim and speaks for itself and is the best evidence of its contents. Lexington further responds that Cormier signed the insurance application expressly attesting to the completeness and veracity of the information and representations made therein, and he is deemed to have knowledge thereof.

8.

Lexington denies ¶ 8 of Cormier's Counterclaim as written. Lexington further denies the implied allegation that Lexington had any duty to inform Cormier of his own false, fraudulent, and/or erroneous representations and/or omissions in completing and signing the insurance application, which he is deemed to have knowledge of.

9.

Lexington denies ¶ 9 of Cormier's Counterclaim for lack of information and knowledge sufficient to justify a belief in the truth thereof.

10.

Lexington denies ¶ 10 of Cormier's Counterclaim. Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous

representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington.

11.

Lexington denies ¶ 11 of Cormier's Counterclaim. Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington. Furthermore, any and all difficulty, inconvenience, mental or emotional distress, or loss allegedly sustained by Cormier resulted solely, or alternatively in substantial part, from Cormier's own fault in connection with signing and submitting the false, fraudulent, erroneous, and/or incomplete insurance application to Lexington.

12.

Lexington denies ¶ 12 of Cormier's Counterclaim. Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington. Furthermore, any and all difficulty, inconvenience, mental or emotional distress, or loss allegedly sustained by Cormier resulted solely, or alternatively

in substantial part, from Cormier's own fault in connection with signing and submitting the false, fraudulent, erroneous, and/or incomplete insurance application to Lexington.

13.

Lexington denies ¶ 13 of Cormier's Counterclaim. Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington. Furthermore, any and all difficulty, inconvenience, mental or emotional distress, or loss allegedly sustained by Cormier resulted solely, or alternatively in substantial part, from Cormier's own fault in connection with signing and submitting the false, fraudulent, erroneous, and/or incomplete insurance application to Lexington.

14.

Lexington denies ¶ 14 of Cormier's Counterclaim. Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington. Furthermore, any and all difficulty, inconvenience, mental or emotional distress, or loss allegedly sustained by Cormier resulted solely, or alternatively

in substantial part, from Cormier's own fault in connection with signing and submitting the false, fraudulent, erroneous, and/or incomplete insurance application to Lexington.

15.

Lexington repeats and re-alleges its responses to ¶¶ 1-14 above as if set forth *in extenso*.

16.

Lexington denies ¶ 16 of Cormier's Counterclaim.

17.

Lexington denies ¶ 17 of Cormier's Counterclaim. The Policy itself speaks for itself and is the best evidence of its contents, and Cormier's allegations fail to include certain relevant portions, including but not limited to Part VI, Section H.2.b. of the Policy relative to cancellation based on fraud or misrepresentation. Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington.

18.

Lexington denies ¶ 18 of Cormier's Counterclaim. Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely

and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington.

19.

Lexington denies ¶ 19 of Cormier's Counterclaim. The Letter itself is not attached to or made part of the Counterclaim and speaks for itself and is the best evidence of its own contents. Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington.

20.

Lexington denies ¶ 20 of Cormier's Counterclaim. The Policy itself speaks for itself and is the best evidence of its contents, and Cormier's allegations fail to include certain relevant portions, including but not limited to Part VI, Section H.2.b. of the Policy relative to cancellation based on fraud or misrepresentation. Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington.

21.

Lexington denies that Cormier is entitled to any declaratory or other relief herein.

22.

Lexington repeats and re-alleges its responses to ¶¶ 1-21 above as if set forth *in extenso*.

23.

Lexington denies ¶ 23 of Cormier's Counterclaim.

24.

Lexington denies ¶ 24 of Cormier's Counterclaim. The Policy itself speaks for itself and is the best evidence of its contents, and Cormier's allegations fail to include certain relevant portions, including but not limited to Part VI, Section H.2.b. of the Policy relative to cancellation based on fraud or misrepresentation. Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington.

25.

Lexington denies ¶ 25 of Cormier's Counterclaim. Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely

and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington.

26.

Lexington denies ¶ 26 of Cormier's Counterclaim. The Letter itself is not attached to or made part of the Counterclaim and speaks for itself and is the best evidence of its own contents. Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington.

27.

Lexington denies ¶ 27 of Cormier's Counterclaim. The Letter itself is not attached to or made part of the Counterclaim and speaks for itself and is the best evidence of its own contents. Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington. Lexington further denies the implied allegation that Lexington had any duty to inform Cormier of his own false, fraudulent, and/or erroneous representations and/or omissions in completing and signing the insurance application, which he is deemed to have knowledge of.

28.

Lexington denies ¶ 28 of Cormier's Counterclaim. Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington.

29.

Lexington denies ¶ 29 of Cormier's Counterclaim. Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington. Furthermore, any and all difficulty, inconvenience, mental or emotional distress, or loss allegedly sustained by Cormier resulted solely, or alternatively in substantial part, from Cormier's own fault in connection with signing and submitting the false, fraudulent, erroneous, and/or incomplete insurance application to Lexington.

30.

Lexington repeats and re-alleges its responses to ¶¶ 1-29 above as if set forth *in extenso*.

31.

Lexington denies ¶ 31 of Cormier's Counterclaim.

32.

Lexington denies ¶ 32 of Cormier's Counterclaim. The Policy itself speaks for itself and is the best evidence of its contents, and Cormier's allegations fail to include certain relevant portions, including but not limited to Part VI, Section H.2.b. of the Policy relative to cancellation based on fraud or misrepresentation. Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington.

33.

Lexington denies ¶ 33 of Cormier's Counterclaim. Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington. Furthermore, any and all difficulty, inconvenience, mental or emotional distress, or loss allegedly sustained by Cormier resulted solely, or alternatively in substantial part, from Cormier's own fault in connection with signing and submitting the false, fraudulent, erroneous, and/or incomplete insurance application to Lexington. Lexington further denies the implied allegation that Lexington had any duty to inform Cormier of his own false,

fraudulent, and/or erroneous representations and/or omissions in completing and signing the insurance application, which he is deemed to have knowledge of.

34.

Lexington denies ¶ 34 of Cormier's Counterclaim. Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington. Furthermore, any and all difficulty, inconvenience, mental or emotional distress, or loss allegedly sustained by Cormier resulted solely, or alternatively in substantial part, from Cormier's own fault in connection with signing and submitting the false, fraudulent, erroneous, and/or incomplete insurance application to Lexington.

35.

Lexington denies ¶ 35 of Cormier's Counterclaim. Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington. Likewise, the provisions of La. R.S. 22:1973 do not apply. Furthermore, any and all difficulty, inconvenience, mental or emotional distress, or loss allegedly sustained by Cormier resulted solely, or alternatively in substantial part, from Cormier's

own fault in connection with signing and submitting the false, fraudulent, erroneous, and/or incomplete insurance application to Lexington.

36.

Lexington denies ¶ 36 of Cormier's Counterclaim. Lexington further responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington. Likewise, the provisions of La. R.S. 22:1973 do not apply. Furthermore, any and all difficulty, inconvenience, mental or emotional distress, or loss allegedly sustained by Cormier resulted solely, or alternatively in substantial part, from Cormier's own fault in connection with signing and submitting the false, fraudulent, erroneous, and/or incomplete insurance application to Lexington.

37.

Lexington repeats and re-alleges its responses to ¶¶ 1-36 above as if set forth *in extenso*.

38.

No response is required to ¶ 38 of Cormier's Counterclaim, as it contains only assertions of law, not allegations of fact. However, to the extent a response may be required, Lexington responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in

its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington, and the provisions of La. R.S. 22:1267 do not apply. Additionally, and in the alternative, Cormier's allegations fail to include the most relevant statutory provisions, including but not limited to La. R.S. 22:1267(C)(1)(b) relative to cancellation based on fraud or material misrepresentation.

39.

No response is required to ¶ 39 of Cormier's Counterclaim, as it contains only assertions of law, not allegations of fact. However, to the extent a response may be required, Lexington responds that the Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington, and the provisions of Emergency Rule 40 do not apply. Additionally, and in the alternative, Cormier's allegations fail to point out that Emergency Rule 40 expressly states, in § 4005(F): "As set forth in § 4033, **Emergency Rule 40 shall not prevent an insurer from cancelling or terminating an insurance policy for fraud or material misrepresentation on the part of the insured**."

40.

Lexington denies ¶ 40 of Cormier's Counterclaim. Lexington further repeats and re-alleges its responses to ¶¶ 38-39 above as if set forth *in extenso*.

41.

Lexington denies ¶ 41 of Cormier's Counterclaim. Lexington further repeats and re-alleges its responses to ¶¶ 38-39 above as if set forth *in extenso*.

42.

Lexington denies ¶ 42 of Cormier's Counterclaim. Lexington further repeats and re-alleges its responses to ¶¶ 38-39 above as if set forth *in extenso*. Furthermore, any and all difficulty, inconvenience, mental or emotional distress, or loss allegedly sustained by Cormier resulted solely, or alternatively in substantial part, from Cormier's own fault in connection with signing and submitting the false, fraudulent, erroneous, and/or incomplete insurance application to Lexington.

43.

No response is required to Cormier's prayer for relief. To the extent that a response may be required, Lexington denies that Cormier is entitled to any relief and further repeats and re-alleges all allegations and responses asserted herein as if set forth *in extenso*.

AND NOW FURTHER RESPONDING, Lexington asserts the following defenses:

44.

Lexington re-avers and incorporates all allegations of the Complaint by reference as if set forth *in extenso* herein as affirmative defenses.

45.

The Policy itself and all attachments, forms, and endorsements thereto, speaks for itself and is the best evidence of its own contents. Likewise, the insurance application signed and submitted to Lexington by or on behalf of Cormier and the Letter referred to in Cormier's Counterclaim speak for themselves and are the best evidence of their own contents.

46.

The Policy was issued based on and relying on the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, which is expressly made part of the Policy and which contained false, fraudulent, and/or erroneous representations and/or omissions of material fact, rendering the Policy void *ab initio* in its entirely and subject to rescission. As a result, the contractual provisions of the Policy are wholly without effect and unenforceable against Lexington.

47.

Lexington acted reasonably and justifiably in relying, to its detriment, upon the information and representations contained in the insurance application signed and submitted to Lexington by or on behalf of Cormier, and owed no duty to Cormier to independently investigate or verify the veracity of such information and representations.

48.

Cormier signed the insurance application expressly attesting to the completeness and veracity of the information and representations made therein, and he is deemed to have knowledge thereof. As a result, he is estopped from denying or claiming ignorance of the information and representations made within in the insurance application.

49.

Lexington had no duty to inform Cormier of his own false, fraudulent, and/or erroneous representations and/or omissions in completing and signing the insurance application, which he is deemed to have knowledge of.

50.

Notwithstanding the nullity and unenforceability of the Policy, at all times Lexington acted in good faith and complied with its contractual obligations under the policy.

51.

No breach of any obligation or duty on the part of Lexington, whether statutory, contractual, or otherwise, proximately caused Cormier to suffer any injuries or damages that would not otherwise have been incurred.

52.

Any and all difficulty, inconvenience, mental or emotional distress, or loss allegedly sustained by Cormier resulted solely, or alternatively in substantial part, from Cormier's own fault in connection with signing and submitting the false, fraudulent, erroneous, and/or incomplete insurance application to Lexington.

53.

Cormier's Counterclaim fails to state a valid claim upon which relief may be granted.

54.

Lexington pleads the sole and/or comparative fault, contributory negligence, assumption of risk, and/or failure to mitigate on the part of Cormier and his/its employees, agents, and representatives as complete defenses to Cormier's Counterclaim, or alternatively in mitigation of damages.

55.

Lexington pleads the comparative fault of third parties for which Lexington cannot be held responsible, as well as intervening causes and/or external forces outside of Lexington's control.

56.

In the alternative, and solely in the event that Lexington is found to be liable to Cormier in any respect, which is at all times denied, any such liability to Cormier should be offset and/or extinguished by Cormier's liability to Lexington under the principal claims asserted in the Complaint.

56.

All allegations not expressly admitted herein are denied.

57.

Lexington reserves the right to amend and/or supplement its Answer to Cormier's Counterclaim to assert additional facts and defenses that may become available throughout the course of discovery or at trial.

WHEREFORE, Lexington reiterates its prayer for relief found in its Complaint and again prays for declaratory judgment in its favor as prayed for therein. Lexington further prays for judgment in its favor and against Cormier, dismissing his Counterclaims with prejudice at his cost. In the alternative, Lexington prays that any liability to Cormier be offset and/or extinguished by Cormier's own liability to Lexington herein, and further reduced by virtue of Cormier's own contributory negligence, comparative fault, failure to mitigate, and/or assumption of risk, and by virtue of the acts or omissions of any other third parties for whom Lexington is not legally responsible or intervening causes or external forces outside Lexington's control. Lexington further prays for all other relief as allowed by law.

[Signature on following page.]

Respectfully submitted,

*/s/ L. David Adams*
C. WM. BRADLEY JR. (03371)
L. DAVID ADAMS (37008)
Bradley Murchison Kelly & Shea LLC
1100 Poydras Street, Suite 2700
Energy Centre
New Orleans, LA 70163
Telephone: (504) 596-6300
Facsimile: (504) 596-6301
bbradley@bradleyfirm.com
dadams@bradleyfirm.com

*Attorneys for Plaintiff/Defendant-in-Counterclaim, Lexington Insurance Company*

### CERTIFICATE OF SERVICE

I certify that on September 8, 2020, I served a copy of the foregoing by electronically filing it with the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ *L. David Adams*
L. DAVID ADAMS